UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| RICKY WALTER DENTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | CASE NO. 3:14-CV-8052-SLB |
| vs. ) | Crim. Case No. 3:11-CR-54-SLB-JEO |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This case is presently pending before the court on petitioner Ricky Walter Denton's Renewed and Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255. (Doc. 30.)[1]

For the reasons set forth herein, the court finds that Denton's claim of ineffective assistance of appellate counsel is without arguable merit and his remaining claims are procedurally barred. Therefore, the court will summarily dismiss his ineffective assistance claim and will order Denton to show cause, in writing, why his remaining claims should not be dismissed summarily. *See* 28 U.S.C. § 2255(b);[2] *Pava v. United States*, No.

---

[1]Citations to documents in the court's record in petitioner's Motion to Vacate, Case No. 3:14-CV-8052-SLB, appear as "(Doc. __)." Citations to documents in the court's record in the criminal proceedings against petitioner, Case No. 3:11-CR-0054-SLB-JEO, appear as "(Crim. Doc. __)." Page number citations refer to the page numbers assigned to the document by the court's CM/ECF electronic filing system.

[2]Section 2255(b) states, in part, "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b).

8:07-CR-289-T-24 AEP, 2011 WL 1337510, *1 (M.D. Fla. Apr. 7, 2011)("The Court will not cause notice [of petitioner's § 2255 Motion to Vacate] to be served upon the United States Attorney and shall proceed to address the matter, because a review of this motion and the record in this case conclusively shows that Petitioner is not entitled to relief.").

A. INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

The Supreme Court has held "that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Therefore, unlike his remaining claims, Denton's claim of ineffective assistance of appellate counsel is not procedurally barred. However, the court's review of this claim shows conclusively that it is without arguable merit and due to be summarily dismissed.

Denton argues that his appellate counsel was ineffective for failing to argue effectively his claim of error based on this court's denial of his request for access to legal materials in preparation for his trial. (Doc. 30-1 at 61.) Specifically, he contends, "During [oral] argument the panel [of the Eleventh Circuit] asked [Denton's appellate counsel,] '[H]ow did the denial of law books prejudice Mr. Denton[?]'" and his counsel did not

---

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires, "The judge who receives the motion [to vacate to] promptly examine it," and "If it appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Only if the motion is not dismissed will the court order the United States to file an answer or otherwise respond to the motion to vacate. *Id*.

respond. (*Id*.) He claims that counsel should have argued that "the denial of access to law books denied [him] his right to represent himself fairly." (*Id*.)

With regard to a claim of ineffective assistance of appellate counsel, the Eleventh Circuit has held:

> *Strickland* [*v. Washington*, 466 U.S. 668 (1984),] governs a claim of ineffective assistance of appellate counsel. *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013). Under *Strickland*, a petitioner must show (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced the petitioner's defense. 466 U.S. at 687. When considering deficient performance, a court must presume counsel's performance was "within the wide range of reasonable professional assistance." *Id*. at 689. Appellate counsel has no duty to raise every non-frivolous issue and may reasonably weed out weaker (albeit meritorious) arguments. *See Philmore v. McNeil*, 575 F.3d 1251, 1264 (11th Cir. 2009). "Generally, ***only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome***." *Smith v. Robbins*, 528 U.S. 259, 288 (2000)(quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)); *see also Burger v. Kemp*, 483 U.S. 776, 784 (1987)(finding no ineffective assistance of counsel when the failure to raise a particular issue had "a sound strategic basis"). A petitioner satisfies the prejudice prong upon showing that "there is a ***reasonable probability*** that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

*Overstreet v. Warden*, 811 F.3d 1283, 1287 (11th Cir. 2016)(emphasis added; parallel Supreme Court Reporter citations omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome. This inquiry requires [the court] to consider the merits of the omitted claim, and [it] will find counsel's performance prejudicial if the neglected claim would have a reasonable probability of success on appeal." *Brooks v. Comm'r, Alabama Dep't of Corr.*, 719 F.3d 1292, 1300 (11th Cir. 2013)(internal quotations and citations omitted). Although the *Strickland* test has two distinct parts, "there

3

is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id*.

The court finds that Denton has not alleged, and cannot show, prejudice resulting from appellate counsel's alleged failure to argue effectively that the denial of law books prejudiced Denton's defense. The law is well established that "a criminal defendant who seeks to proceed *pro se* has no right to access a law library to aid him in his own defense at trial where he has already been provided the option of legal counsel." *Smith v. Hutchins*, 426 Fed. Appx. 785, 789 (11th Cir. 2011)(citing *Edwards v. United States*, 795 F.2d 958, 961 nn.1 and 3 (11th Cir.1986))(footnote omitted);[3] *see Edwards*, 795 F.2d at 961 n.3 (citing *Bounds v. Smith*, 430 U.S. 817, 828 (1977) and *Hooks v. Wainwright*, 775 F.2d 1433, 1435 (11th Cir. 1985)), *cited in Daker v. Warren*, 660 Fed. Appx. 737, 740 (11th Cir. 2016), *cert. denied*, 138 S. Ct. 94 and 138 S. Ct. 98 (2017); *United States v. Stringer*, 546 Fed. Appx. 896, 897 (11th Cir. 2013); *United States v. Denton*, 535 Fed. Appx. 832, 835 (11th Cir. 2013). Indeed, in Denton's direct appeal, the Eleventh Circuit held:

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it. ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***." 11th Cir. R. 36-2 (emphasis added).

> Under the Sixth Amendment, as interpreted in *Faretta*, criminal defendants have a right to waive the assistance of counsel and represent themselves when they voluntarily elect to do so with knowledge of the disadvantages of self-representation. *Faretta*, 422 U.S. at 807, 835, 95 S. Ct. at 2527, 2541. Nothing in *Faretta* or the Sixth Amendment, however, expressly establishes that a defendant who has knowingly elected to proceed *pro se* has a right of access to a law library or legal materials. *See Kane v. Garcia Espitia*, 546 U.S. 9, 10, 126 S. Ct. 407, 408, 163 L. Ed.2d 10 (2005) (noting, in the context of habeas review under 28 U.S.C. § 2254, that "*Faretta* says nothing about any specific legal aid that the State owes a *pro se* criminal defendant" and so does not "clearly establish" a *pro se* defendant's right to access a law library). *Faretta* itself recognized that "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." 422 U.S. at 835, 95 S. Ct. at 2541.
>
> ***We have held that a pro se criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered***. *Edwards v. United States*, 795 F.2d 958, 961 nn.1 & 3 (11th Cir. 1986)(rejecting a collateral challenge to a criminal conviction based on the denial of library access while the petitioner proceeded *pro se* at trial, and concluding that "[w]hen counsel is offered, the alternative of a library is not mandatory"). Although Denton takes issue with the soundness and adequacy of our decision in *Edwards*, we are bound by that decision under the prior panel precedent rule unless and until it is overruled by the Supreme Court or this Court sitting en banc. *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000); *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1302–03 (11th Cir. 2001)(rejecting a "wrong result" or "overlooked reason" exception to the prior panel precedent rule); *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999)(responding to the argument that the reasoning of a prior panel decision was "unclear and inadequate to support its holding" by stating that "[w]e have no occasion to pass on that criticism, because we are bound by the [prior panel] decision regardless of whether we agree with it").

*Denton*, 535 Fed. Appx. at 835 (emphasis added).

In this case, given the Eleventh Circuit's decision on appeal, Denton cannot show that, but for the alleged deficient performance of his appellate counsel at oral argument – her failure to argue that denying Denton access to a law library prejudiced his right to represent

5

himself, "there is a reasonable probability that . . . the result of [his appeal] would have been different." *Strickland*, 466 U.S. at 694. Even if appellate counsel had argued to the Circuit Court that denial of access to a law library had prejudiced Denton's ability to represent himself at trial, this "prejudice" was the result of Denton's choice to eschew appointed trial counsel and represent himself – it was not the result of the denial of his right to represent himself. Therefore, the court finds that Denton's claim of ineffective assistance of appellate counsel is due to be dismissed with prejudice.

**B. PROCEDURAL DEFAULT**

With the exception of his claim that appellate counsel was ineffective, the court finds that the grounds for relief asserted in Denton's Amended and Renewed Petition[4] are

---

[4]In his Memorandum of Facts and Law in Support of Renewed Motion for Relief Pursuant to § 2255, (doc. 30-1), Denton alleges the following grounds for relief:

[Issue 1:] Did the prosecutor in this case exceed her authority when she presented the evidence to a second grand-jury without seeking permission from Washington after [the] first [grand jury] declined to indict Denton[?]

[Issue 2:] Whether the indictment was obtained by fraud on the Court when the prosecutor presented what she knew to be false material evidence to the grand-jury panel.

[Issue 3:] Whether Mr. Denton was denied a fundamentally fair trial, due process, the right to self representation, and equal protection of the law when the Court intentionally withheld readily available law books under the flag of expense and imprisonment.

[Issue 4:] Whether a procedural default is applicable to this case when Denton was forced to accept an attorney on appeal and disallowed to submit any pro-se supplemental argument or control the content of his appeal.

[Issue 5:] Whether Denton's right to self representation was [undermined] by

6

his appointed standby counsel when [(a.)] he violated Denton's confidence by informing government agents of [Denton's] intentions for them on the stand and [(b.)] he cancel[ed] Denton's intended witness subpoenas without informing Denton.

[Issue 6:] Whether Denton's Constitutional right to due process of law and his right to self representation [were] denied by government agents interfering with his right to call witnesses on his behalf.

[Issue 7:] Whether Denton was denied due process of law and a fundamentally fair trial when the AUSA committed fraud on the Court to obtain favorable rulings.

[Issue 8:] Whether Denton was denied a fair trial when the government failed to correct what was known to be false [and] misleading testimony.

[Issue 9:] Whether Denton was denied due process and a fair trial when the government suppressed exculpatory evidence.

[Issue 10:] Whether Denton was denied due process of law [in light] of the numerous erroneous evidentiary rulings by the trial Court.

[Issue 11:] Whether the cumulative effect of the Constitutional violations in this case mandates [giving] Denton a new trial.

[Issue 12:] Whether the Court had jurisdiction to impose the sentence on Count II of the indictment [(]the § 924(c) Count [)] [in light] of the fact Count I categorically fails as a violent crime, [and] thus fails to support the § 924(c) Count.

[Issue 13:] Whether the Court denied Denton due process of law, notwithstanding Issue (12) herein, when the Court failed to consider the mandatory consecutive sentence of the § 924(c) Count, while imposing the sentence on Count I, under the facts to be considered under 18 U.S.C. § 3353(a).

[Issue 14:] Whether the Court made a clear error imposing the federal sentence to be consecutive to a state sentence which was relevant conduct to the federal charges.

procedurally barred because either (1) the Eleventh Circuit decided the issues in Denton's prior appeals, *see United States v. Denton*, 535 Fed. Appx 832 (11th Cir. 2013)(the appeal of his conviction and sentence) and *United States v. Denton*, 697 Fed. Appx. 963 (11th Cir. 2017)(the appeal of the court's denial of his motion for new trial), or (2) Denton could have, but did not, raise the issues on direct appeal. "It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that [the Eleventh Circuit Court of Appeals] rejected in his direct appeal." *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014)(citations omitted). Such a rejected claim does not merit rehearing, either on the same or a different, but previously available, legal theory. *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)(citing *Cook v. Lockhart*, 878 F.2d 220, 222 (8th Cir. 1989)). Also, challenges that were available but not raised on direct appeal are procedurally defaulted: "Under the procedural default rule, 'a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding.'" *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011)(quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). "Challenges count as available on direct appeal when their merits 'can be reviewed without further factual development.'" *Linton v. United States*, 712 Fed. Appx. 920, 923 (11th Cir. 2017)(quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)).

---

(Doc. 30-1 at 18-19.)

Denton argues, "[T]here can be no claim [he] procedurally defaulted [the claims raised herein] or that [his] claims have been foreclosed because [he] was denied a meaningful appeal." (Doc. 30-1 at 60.) He contends that he has a constitutional "right to argue his own appeal" and "to present pro se briefs and motions on appeal." (*Id.* at 64-65 [citing, *inter alia*, *Myers v. Johnson*, 76 F.3d 1330 (5th Cir. 1996); *Myers v. Collins*, 8 F.3d 249 (5th Cir. 1993), *abrogated by Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152 (2000); and *Chamberlain v. Ericksen*, 744 F.2d 628 (8th Cir. 1984), *abrogated by Martinez*, 528 U.S. 152].) According to Denton, the Eleventh Circuit denied him meaningful appeals based on its denials of his requests to proceed pro se and its rejection of his pro se briefs.

> Therefore, any appeal taken, ruled on or decided in or under Denton's name or in regard to this case at bar should and must have no prejudice toward Denton[. I]n fact, [he] should have his [appellate] rights restored and allowed to appeal anew[,] allowing [him] to preserve actual control over the case and argument he chooses to present to the Appeals Court. Furthermore, [he should be] allowed to determine the content of his appellate brief and supplement with pro-se pleadings as a matter of his Constitutional right. [Furthermore], any argument in regard to Denton's motion for a new trial touching on these issues does not procedurally bar or default them because [he] took that path as a result of being shut [out] of access to the court. Thus, his instant petition must be reviewed under the standards set for a petition of habeas corpus and the rules applicable thereto without any regard to the appeal. Furthermore, Denton [should be] allowed to appeal anew.

(*Id.* at 66.)

The court disagrees. The cases cited by Denton were abrogated by the Supreme Court, which, in 2000, held that a criminal defendant has no constitutional right to self-

9

representation on appeal. *Martinez*, 528 U.S. at 162-63. The Eleventh Circuit recently stated:

> The Supreme Court has held that the Sixth Amendment "necessarily implies the right of self-representation" at a criminal **trial**. *Faretta* [*v. California*], 422 U.S. 806, 832, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). But the Supreme Court has found that no such right exists on ***appeal***. *Martinez*, 528 U.S. at 163, 120 S. Ct. 684. As the Court has explained, a criminal defendant is differently situated at trial than he is on appeal. *Id*. at 163, 120 S. Ct. 684. At trial, the prosecution brings the case against a defendant who is presumed innocent. *Id*. at 162, 120 S. Ct. 684. On appeal, however, the convicted defendant, who is no longer presumed innocent, prosecutes the appeal. *Id*. So unlike a criminal trial, state "appellate proceedings are simply not a case of haling a person into its criminal courts." *Id*. at 163, 120 S. Ct. 684 (citation, internal quotation marks, and alteration omitted). As a result, the balance between the court's "interest in ensuring the integrity and efficiency of the trial" and "the defendant's interest in acting as his own lawyer" favors the court's interest during an appeal, and a court has the discretion to allow a defendant to proceed pro se on appeal. *Id*. at 162-63, 120 S. Ct. 684.

*Marquardt v. Sec'y, Fla. Dep't of Corr.*, 720 Fed. Appx. 550, 554-55 (11th Cir. 2017)(emphasis added). Also, the Supreme Court has held that appointed appellate counsel has no "duty to raise every 'colorable' claim suggested by a client." *Jones v. Barnes*, 463 U.S. 745, 754 (1983). In *Jones*, the Court stated:

> There is, of course, no constitutional right to an appeal, but in *Griffin v. Illinois*, 351 U.S. 12, 18, 76 S. Ct. 585, 590, 100 L. Ed. 891 (1955), and *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963), the Court held that if an appeal is open to those who can pay for it, an appeal must be provided for an indigent. It is also recognized that the accused has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal, see *Wainwright v. Sykes*, 433 U.S. 72, 93 n.1, 97 S. Ct. 2497, 2509 n.1, 53 L. Ed. 2d 594 (1977)(BURGER, C.J., concurring); ABA Standards for Criminal Justice 4-5.2, 21-2.2 (2d ed. 1980). In addition, we have held that, with some limitations, a defendant may elect to act as his or her own advocate, *Faretta v. California*, 422 U.S. 806, 95 S. Ct. 2525, 45 L. Ed.

2d 562 (1975). [No] other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.

This Court, in holding that a State must provide counsel for an indigent appellant on his first appeal as of right, recognized the superior ability of trained counsel in the "examination into the record, research of the law, and marshalling of arguments on [the appellant's] behalf," *Douglas v. California*, 372 U.S., at 358, 83 S. Ct., at 817. Yet by promulgating a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed, the Court of Appeals seriously undermines the ability of counsel to present the client's case in accord with counsel's professional evaluation.

Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. Justice Jackson, after observing appellate advocates for many years, stated:

> "One of the first tests of a discriminating advocate is to select the question, or questions, that he will present orally. Legal contentions, like the currency, depreciate through over-issue. The mind of an appellate judge is habitually receptive to the suggestion that a lower court committed an error. But receptiveness declines as the number of assigned errors increases. Multiplicity hints at lack of confidence in any one . . . . [E]xperience on the bench convinces me that multiplying assignments of error will dilute and weaken a good case and will not save a bad one." Jackson, *Advocacy Before the Supreme Court*, 25 Temple L.Q. 115, 119 (1951).

Justice Jackson's observation echoes the advice of countless advocates before him and since. An authoritative work on appellate practice observes:

> "Most cases present only one, two, or three significant questions . . . . Usually, . . . if you cannot win on a few major points, the others are not likely to help, and to attempt to deal with a great many in the limited number of pages allowed for briefs will mean that none may receive adequate attention. The effect of adding weak arguments will be to dilute the force of the stronger ones." R. Stern, Appellate Practice in the United States 266 (1981).

> There can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review. . . . A brief that raises every colorable issue runs the risk of burying good arguments – those that, in the words of the great advocate John W. Davis, "go for the jugular," Davis, *The Argument of an Appeal*, 26 A.B.A.J. 895, 897 (1940) – in a verbal mound made up of strong and weak contentions. See generally, *e.g.*, Godbold, *Twenty Pages and Twenty Minutes – Effective Advocacy on Appeal*, 30 SW.L.J. 801 (1976).
>
> . . . For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the very goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Jones v. Barnes*, 463 U.S. 745, 751-54 (1983)(footnotes omitted). Therefore, although the Eleventh Circuit has discretion to allow a criminal defendant to appeal pro se, "a defendant does not have a constitutional right to proceed *pro se* on direct appeal," *see United States v. Belitsky*, 566 Fed. Appx. 777, 779 n.1 (11th Cir. 2014)(citing *Martinez*, 528 U.S. at 163), or a right to compel appointed appellate counsel to follow his wishes with regard to presenting issues on appeal, *see Jones*, 463 U.S. at 751-54.

As stated earlier, this court finds that the issues Denton seeks to raise in this Motion to Vacate, except his ineffective assistance of appellate counsel, are procedurally barred. He "did not avoid the default by attempting to file in the court of appeals a brief he, rather than his appointed lawyer, drafted that raised those claims. That is so because there is no constitutional right to represent oneself on direct appeal." *Cartman v. United States*, No. 1:10-CR-512-ELR-LTW, 2018 WL 1148138, *7 (N.D. Ga. Jan. 19, 2018)(citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist.*, 528 U.S. 152, 154, 163-64 (2000)), *report and recommendation adopted* 2018 WL 1126734 (N.D. Ga. Mar. 1, 2018). "The court of

appeals had authority to appoint a lawyer for [Denton], as it did, and [to] reject filings not submitted by that lawyer." *Id*. (citing *Martinez*, at 154, 163-64; 11th Cir. R. 25-1). Thus, Denton's Motion will be denied and his remaining claims summarily dismissed as procedurally defaulted unless he can show his procedural default can be excused by one of the two exceptions to the procedural-default rule.

> The exceptions are: (1) for cause and prejudice, or (2) for a miscarriage of justice, or actual innocence. *See Lynn* [*v. United States*], 365 F.3d [1225,] 1234 [(11th Cir. 2011)]. Under the cause and prejudice exception, a § 2255 movant can avoid application of the procedural default bar by "show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." *Id*. Under the actual innocence exception – as interpreted by current Supreme Court doctrine – a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself. *See Dretke v. Haley*, 541 U.S. 386, 388, 124 S. Ct. 1847, 158 L. Ed. 2d 659 (2004).

*McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011)(footnote omitted).

"Constitutionally ineffective assistance of counsel can constitute cause . . . . In order to do so, however, the claim of ineffective assistance must have merit." *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013)(internal quotations and citations omitted). "[A] prisoner collaterally attacking his conviction can establish cause for a procedural default if he can show that 'some objective factor external to the defense impeded counsel's efforts to comply with the . . . procedural rule,' or that his attorney's performance failed to meet the *Strickland* standard for effective assistance of counsel." *Reece v. United States*, 119 F.3d 1462, 1465 (11th Cir. 1997)(quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). "[T]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to

raise the claim despite recognizing it, does not constitute cause for a procedural default." *Murray*, 477 U.S. at 486. Denton "must show that *no competent counsel*, in the exercise of reasonable professional judgment, would have omitted those claims." *See Hittson v. GDCP Warden*, 759 F.3d 1210, 1263 (11th Cir. 2014)(emphasis in original). To establish prejudice, Denton must "shoulder the burden of showing, not merely that the errors at his trial [or appeal] created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982)(emphasis in original), *quoted in Brown*, 720 F.3d at 1333.

Before ordering the Government to answer Denton's Motion to Vacate, the court orders Denton to show cause, in writing, why his claims should not be dismissed as procedurally defaulted. Denton's response must be clear and concise; vague or conclusory arguments are insufficient. "[G]eneralized allegations are insufficient in habeas cases. Rule 2(c) of the Rules Governing Section 2254 Cases[5] requires petitioners to 'specify all the grounds for relief available to the petitioner' and 'state the facts supporting each ground.'" *Hittson*, 759 F.3d at 1263 (footnote added).

---

[5]Rule 2(b) of the Rules Governing Section 2255 Proceedings is identical: "The motion must: (1) specify all the grounds for relief available to the moving party; [and] (2) state the facts supporting each ground . . . ."

## CONCLUSION

For the reasons set forth herein, the court will dismiss with prejudice Denton's claim of ineffective assistance of appellate counsel. Denton's other claims, which appear to be procedurally defaulted, will be dismissed with prejudice unless Denton can show, on or before **JULY 20, 2018**, why such claims are not procedurally defaulted or why his default should be excused under the cause-and-prejudice exception or the fundamental-miscarriage-of-justice exception.

**DONE** this 11th day of June, 2018.

/s/ Sharon Lovelace Blackburn
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE